THE STATE v. KAUB, *Appellant.*

1.  **Criminal Law** : INDICTMENT : ADVERTISING A LOTTERY. An indictment for advertising a lottery which alleges "that a certain lottery, and scheme and drawing in the nature of a lottery, known as the Louisiana State Lottery, would then and thereafter be conducted, held and drawn monthly, in the city of New Orleans, by

means of which said scheme and drawing a large sum of money, to-wit: $75,000, was to be, by methods to the jurors aforesaid unknown, disposed of by lot and chance," sufficiently charges the offence prohibited by Revised Statutes, section 1566, as amended by the act of March 22, 1881 (Laws, p. 113), and also includes the offence defined in section 1567.

2. ———: ADVERTISING LOTTERY. Simply publishing in a newspaper as an item of news, that a lottery had a drawing on the first of the last month, or would have a drawing on the first of the next month, would not subject the publisher to the punishment prescribed by Revised Statutes, section 1566, as amended by the act of March 22, 1881 (Laws, p. 113).

*Appeal from the St. Louis Court of Appeals.*

AFFIRMED.

*Thos. B. Harvey* for appellant.

*B. G. Boone,* Attorney General, for the state.

HENRY, C. J.—The defendant was indicted in the criminal court of St. Louis for advertising "that a certain lottery, and scheme and drawing in the nature of a lottery, known as the Louisiana State Lottery, would then and thereafter be conducted, held and drawn monthly in the city of New Orleans, by means of which said lottery, scheme and drawing a large sum of money, to-wit: Seventy-five thousand dollars, was to be, by methods to the jurors aforesaid unknown, disposed of by lot and chance." The indictment contains other counts, but as appellant was convicted of the above charge only no further notice of the other counts is necessary. The judgment against him was affirmed by the court of appeals, and he has prosecuted an appeal to this court.

It will be observed that the crime defined in section 1566, as amended by the act of March 22, 1881, is by express terms made a felony. So much of the section as is involved in this investigation reads as follows: "If any

person shall advertise, or make public, or cause to be advertised or made public, by means of any newspaper, pamphlet, circular, or other written or printed notice thereof, printed or circulated in this state, any such lottery, gift enterprise policy, or scheme or drawing in the nature of a lottery, whether the same is being, or is to be conducted, held or drawn within, or without, this state, he shall be deemed guilty of a felony," and the punishment prescribed for the offence is imprisonment in the penitentiary for not less than two nor more than five years, or in the county jail or work house for not less than six nor more than twelve months.   Session Acts, 1881, p. 113.   Defendant was sentenced to six months in the work house.   The offence is not the same as that which is made a misdemeanor by section 1567, which declares that "any person who shall advertise or cause to be advertised, the drawing of any scheme in any lottery,   *   *   *   and shall be convicted thereof   *   *   *   shall for each and every such offence, forfeit and pay a sum not exceeding one thousand dollars."

The language of section 1566, viz: "or drawing in the nature of a lottery" has no reference to the act of turning a wheel, or other methods to which resort may be had to ascertain who shall draw the prizes and who the blanks, but is an additional description of the interdicted devices.   On the contrary, the language in section 1567: "The drawing of any scheme in any lottery," has reference to the act or acts, or proceeding by which it is determined who of the ticket buyers shall receive the prizes.

The advertisement may be of a nature to include both offences, as in the count upon which defendant was convicted.   He is not only charged with advertising the scheme itself, but also when and where the drawing would occur.   Simply publishing in a newspaper as an item of news, that the Louisiana State Lottery had a drawing on the first of last month, or would have a

drawing on the first of next month, would not subject the publisher to the punishment prescribed by that section. Whether such brief notice would constitute the crime defined in section 1567, we will not decide, the question not being before us now for determination. We may be pardoned the suggestion, however, that these sections might be so amended as to show a little more clearly the legislative intent on the subject.

The judgment is affirmed. All concur.